IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONICA IVEN,

      Plaintiff,

v.                                                    No. 21-cv-0541 WJ/DLM

MICHELLE KING, Acting
Commissioner of Social Security,[1]

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Monica Iven's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B). (Doc. 54.) Iven seeks $16,697.17 in attorney's fees based on 36.8 hours of work at a rate of $453.73 per hour. (*See id.*) Defendant Commissioner filed a response and "neither supports nor opposes" the request. (Doc. 55.) Having considered the record, submissions of counsel, and relevant law, I recommend that Iven's motion be **GRANTED**.[2]

**I.**     **Relevant Background**

Iven filed her application for disability insurance benefits (DIB) and supplemental security income (SSI) with the Social Security Administration on March 28, 2018, alleging a disability onset date of June 22, 2011. (Administrative Record[3] (AR) at 269–83.) Disability Determination

---

[1] Michelle King was appointed Acting Commissioner of Social Security on January 20, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), she is automatically substituted as defendant in this lawsuit.

[2] Senior United States District Judge William P. Johnson entered an Order of Reference Relating to Social Security Appeals on February 10, 2025, referring this motion to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 57.)

[3] Document 14 contains the sealed Administrative Record. (Docs. 14-2–14-9.) The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Services (DDS) initially denied her application, but upon reconsideration, she was found to be disabled as of November 28, 2018, which made her eligible for SSI, but not for DIB. (*See id.* at 93–112, 113–47, 158–65, 148–55.) Iven challenged the DIB decision, and Administrative Law Judge (ALJ) Lillian Richter issued an unfavorable decision on November 3, 2020. (*Id.* at 12–32.) Iven filed suit in this Court on June 11, 2021. (Doc. 1.)

On December 14, 2023, the Court found that the ALJ failed to adequately consider Iven's mental impairments at step four of the disability determination and granted in part Iven's Motion to Reverse and Remand. (*See* Doc. 47.) The Court also granted Iven's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $8,000. (Doc. 53.) On remand, an ALJ issued a partially favorable decision and awarded Iven $90,788.68 in past due benefits, of which $22,697.17 was withheld to cover attorney fees pursuant to 42 U.S.C. § 406(a)–(b). (*See* Doc. 54 at 4–5 (citing Doc. 54-B).)

Iven now asks the Court to award her attorneys' firm, Armstrong Johnson Law, LLC, a fee of $16,697.17, which is approximately 18.4% of Iven's total past-due benefits. (*Id.* at 1.) Armstrong Johnson Law has represented Iven since 2018. (*See id.*) Two attorneys from the firm have worked on Iven's case: Laura Johnson and Katherine O'Neal. (*See id.* at 6.)

**II.    Legal Standard**

Attorneys who litigate on behalf of "Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406." *See Ortega v. Kijakazi*, No. CV 20-1245 GBW, 2023 WL 372878, at *2 (D.N.M. Jan. 24, 2023). An attorney who receives a fee award under both the EAJA and § 406(b) "must refund the smaller award to the claimant." *Id.* at *2 n.2 (citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)). Fees may be awarded by the Court under § 406(b) on receipt of past-due benefits. *Id.* at *2 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir.

2006)). In awarding fees, the Court is guided "by two conditions: a 25 percent cap and a reasonableness standard." *Id.* Section 406(b)(1)(A) provides that fees may not exceed 25 percent of the total past-due benefits awarded to a plaintiff following a favorable judgment. *See id.* "This cap applies 'only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).'" *Id.* (quoting *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019)). The Court is further directed to award "reasonable" fees. *See id.* (citing 42 U.S.C. § 406(b)(1)(A)). It is the burden of the claimant's attorney to show the requested fee is reasonable. *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

To determine whether a requested fee award is reasonable, the Court examines "the character of the representation and the results the representative achieved." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). The Court may "consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010)). With respect to the third factor, the Court guards against a windfall award by comparing the requested fee to other awards in this district. *See id.* (citing *Gisbrecht*, 535 U.S. at 808).

**III.   Analysis**

Iven requests a fee of $16,697.17, which is approximately 18.4% of her total past-due benefits and lower than the 25% cap permitted under § 406(b).[4] (*See* Doc. 54 at 4.) The Court finds the representation was adequate, as Iven received a fully favorable decision. (*See id.* at 3.) There is no evidence that counsel delayed the proceedings. Iven's attorneys, who are experienced in this area, spent 36.8 hours on this matter, which is within the average range of 20–40 hours spent on

---

[4] Iven received benefits of $90,788.68. (Doc. 54 at 4 (citing Doc. 54-B).) A 25% fee award would be $22,697.17.

social security cases in the Tenth Circuit. (*See id.* at 4–6.) *See also Martinez v. Colvin*, No. 1:15-CV-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (gathering cases). Lastly, the time spent and fee award are both reasonable and on par with others in this district. *See Ortega*, 2023 WL 372878, at *3–4 (awarding the same attorneys, Johnson and O'Neal, $599 per hour and gathering cases in support). Considering the foregoing, I find the fee request is reasonable and appropriate.

**IT IS HEREBY RECOMMENDED** that Iven's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) be **GRANTED** and that the Court authorize $16,697.17 in attorney fees for legal services rendered in this Court, to be paid by the Social Security Administration out of Iven's past-due benefits in accordance with agency policy.

**IT IS FURTHER RECOMMENDED** that the Court direct counsel to refund to Iven the EAJA fee of $8,000 previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE